[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff seeks to proceed against a bond in the amount of $68,993.54; which was filed by defendant in substitution for a mechanic's lien.
The defendant John Mancinone was the developer of the Mountainview Shopping Plaza in Naugatuck, Connecticut. The plaintiff was a structural steel contractor in the construction of portions of the shopping plaza.
The defendant, John Mancinone d/b/a New England Realty, on March 1, 1987 contracted with the plaintiff for structural steel work on a west wing addition to the shopping center (Defendant's Exhibit A-1). The work under that contract was substantially completed in the summer of 1987 and plaintiff was paid in full under that contract.
The plaintiff, on August 24, 1987, contracted with John Mancinone d/b/a New England Realty for a Super Stop Shop store addition to the plaza. The contract price for this work was $264,000 with Mancinone purchasing much of the steel directly from the steel mill (Defendant's Exhibit A-2).
The plaintiff commenced work on this second contract and submitted an invoice for this contract on November 13, 1987 (Defendant's Exhibit A-4). The invoice is in the net amount of $40,718.40.
The defendant John Mancinone financed the west wing addition from his own funds, but obtained a construction mortgage for the Stop Shop project in late 1987.
On November 12, 1987, the plaintiff corporation, through its President Mario Ramos, signed a mechanic's lien waiver for the property which included the Super Stop Stop project. (Plaintiff's Exhibit #5).
Mr. Ramos testified that he was told the lien waiver was only applicable to the west wing addition and not the Super Stop 
CT Page 4348 Shop. This testimony was directly contradicted by the testimony of John Mancinone, the job foreman Al Gugliotti and Michael Giglio, a subcontractor who also signed the lien waiver on November 12, 1987.
Mr. Mario Ramos has 20 years experience in the construction business and on November 12, 1987 was owed approximately $40,000 on the Stop Shop project. The lien specifically covered "work done or to be done and materials furnished or to be furnished."
The coincidence of the lien waivers and mortgage support the testimony of the defendant witnesses; that the lien waiver was executed to facilitate payment on the Super Stop Shop project.
The court finds that the lien waiver expressly covers the property which the plaintiff subsequently liened in this case.
The lien waiver is a complete defense to this action to collect on a bond substituted for a mechanic's lien, see Mechanic's Lien Waivers in Connecticut; The Myths and Realties, Lastman and Forsyth, 63 CBJ 195, 203 (1989).
Judgment enters for the defendant.
McWEENY, J.